# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven George Jacovo,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Unknown Lowe, et al.,<br><br>　　　　　　　Defendants. | No. CV 14-00556-PHX-GMS (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW:**

　　　This matter is before the undersigned on referral from the District Judge. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

　　　Plaintiff filed his Prisoner Civil Rights Complaint (Doc. 1) on March 18, 2014. On May 27, 2014, the Court ordered (Doc. 5) Defendants Lowe and Bryan to answer Counts I and II of the Complaint. Service was returned unexecuted on both Defendants. (Docs. 7, 8.) On August 21, 2014, the Court ordered (Doc. 10) the United States Marshal to personally serve Defendants Lowe and Bryan. Service was executed on Defendant Lowe (Doc. 12), but returned unexecuted for Defendant Bryan (Doc. 13), with a notation that she is not employed with ASPC–Lewis or ADOC. Plaintiff filed a Notice on September 5, 2014, advising the Court that Plaintiff received information that Defendant

Bryan was now employed by the Mesa Police Department. (Doc. 14.) The Clerk of Court sent Plaintiff another service packet for Defendant Bryan. (Doc. 16.) On November 21, 2014, the Court entered an Order to Show Cause (Doc. 24), noting that Plaintiff failed to complete and return the service packet for Defendant Bryan as set forth in the Order at Doc. 16, and ordering Plaintiff to show cause for his failure to comply with the Order at Doc. 16 and for his failure to effect service of process on Defendant Bryan within the time specified by the Court's Order at Doc. 5. Plaintiff responded to the order to show cause (Doc. 34), and on February 17, 2015, the Court ordered the Clerk of Court to send Plaintiff another service packet for Defendant Bryan. (Doc. 41.)

On March 13, 2015, Plaintiff filed a motion for extension of time to serve Defendant Bryan. (Doc. 43.) On March 23, 2015, the Court granted the motion and gave Plaintiff until May 15, 2015, to effect service on Defendant Bryan. (Doc. 49.) On March 30, 2015, service was returned unexecuted for Defendant Bryan. (Doc. 52.) On May 8, 2015, Plaintiff filed a motion for extension of time to serve Defendant Bryan, indicating that he was attempting to locate a correct address for Defendant Bryan. (Doc. 53.) On May 18, 2015, the Court denied Plaintiff's motion for extension of time without prejudice, stating that "[s]hould the Court deny Defendant's motion for judgment as a matter of law with regard to the issue of exhaustion and allow this action to continue, Plaintiff may re-urge the motion seeking to continue his efforts to serve Defendant Bryan." (Doc. 58 at 3.)

On August 21, 2015, the Court entered an Order (Doc. 70) denying Defendant's Motion for Summary Judgment for Plaintiff's Failure to Administratively Exhaust. Because Plaintiff had not re-urged his motion seeking to continue his efforts to serve Defendant Bryan, the Court entered an Order to Show Cause (Doc. 89) as to why Defendant Bryan should not be dismissed for Plaintiff's failure to serve this defendant. The Court deemed the order to show cause satisfied and directed the Clerk of Court to send Plaintiff a new service packet for Defendant Bryan. (Doc. 94.) Plaintiff requested a final thirty-day extension of time to serve Defendant Bryan. (*See* Doc. 92-1 at 3.) The

Court granted the request and gave Plaintiff until February 29, 2016 to serve Defendant Bryan.  (*Id*. at 3.)   The Order further provided that if service was not obtained on Defendant Bryan by February 29, 2016, "the action may be dismissed as to this Defendant pursuant to Fed. R. Civ. P. 4(m)."  (*Id*.)

On March 29, 2016, service was returned unexecuted for Defendant Bryan.  (Doc. 101.)  The Process Receipt and Return attaches a letter from the City of Mesa stating "we do not show this person to have been a current or previous employee with the City of Mesa."  (*Id*. at 2.)

**IT IS THEREFORE RECOMMENDED that** Defendant Bryan be dismissed for Plaintiff's failure to serve this Defendant within the time specified by the Court in the Order at Doc. 94.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment

entered pursuant to the recommendations of the Magistrate Judge.

Dated this 13th day of April, 2016.

                                            Honorable Deborah M. Fine
                                            United States Magistrate Judge